## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

R. WAYNE JOHNSON,             )
                              )
                Plaintiff,    )
                              )
        v.                    )        Case No. CIV-20-350-D
                              )
UNITED STATES POSTAL SERVICE, )
*et al.*,                     )
                              )
                Defendants.   )

## O R D E R

This matter comes before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).  Upon initial screening under 28 U.S.C. § 1915A, Judge Erwin recommends the dismissal of Plaintiff's complaint as frivolous.

Plaintiff R. Wayne Johnson, a Texas prisoner who appears *pro se*, has filed a timely Objection [Doc. No. 23].  Thus, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).

This case was removed from state court by the federal defendants (agencies, judges, and other employees) pursuant to 28 U.S.C. § 1442, and referred to Judge Erwin for initial proceedings in accordance with 28 U.S.C. § 636.  Plaintiff's state court pleadings were

difficult to decipher and did not satisfy the requirements of Fed. R. Civ. P. 8(a). Accordingly, Judge Erwin ordered Plaintiff to file an amended complaint and directed the Clerk to provide him with the proper form.  *See* Order to Cure Deficiencies [Doc. No. 12]. Within the deadline set by Judge Erwin, Plaintiff filed a flurry of motions [Doc. Nos. 13, 14, 16 and 17] and the Amended Complaint [Doc. No. 18].  Unable to find any coherent or colorable claim in Plaintiff's new pleading, Judge Erwin recommends that the action be dismissed and that all pending motions be denied as moot.

In apparent response to Judge Erwin's Report, Plaintiff has filed another Amended Complaint [Doc. No. 20], which consists of a handwritten document (not an approved form) and a collection of papers whose purpose is unclear.  Liberally construing Plaintiff's filing, it appears he is attempting to add a variety of new defendants (including the local United States Attorney and the assigned attorney who filed the removal papers) and claims regarding the removal of his case and access to the courts.  Like the Amended Complaint reviewed by Judge Erwin, however, an examination of Plaintiff' pleading fails to reveal any substantial claim.  Also, Plaintiff has made additional filings that may be intended to add other defendants [Doc. No. 21] and to move for recusal of the undersigned judge [Doc. No. 22].  Plaintiff also purports to combine with his Objection an amended motion for recusal [Doc. No. 23].  Upon review of these filings, the Court finds that they raise no substantial issue to be decided; all are frivolous.

Plaintiff has a long history of frivolous filings.  Many years ago, he lost the privilege to proceed *in forma pauperis* in federal court by operation of the "three strikes" provision of § 1915(g).  *See Johnson v. Whatley*, 73 F. App'x 79 (5th Cir. 2003) (finding Plaintiff

had accumulated four strikes and § 1915(g) applied); *Johnson v. Thaler*, No. 2:10-CV-041, 2012 WL 612529, R&R (N.D. Tex. Feb. 14, 2012) (listing abusive case filings and recommending sanctions), *adopted*, 2012 WL 624581 (N.D. Tex. Feb. 27, 2012); *see also Johnson v. Two Unknown U.S. Marshals*, Civ. Action No. 08-5522, 2008 WL 5190888 (E.D. Pa. Dec. 9, 2008) (applying § 1915(g)); *Johnson v. Ramos*, No. 1:06CV516, 2006 WL 2639511 (E.D. Tex. Sept. 13, 2006) (applying § 1915(g)).  Plaintiff has previously filed other cases in this district, the most recent of which was also dismissed pursuant to § 1915(g).  *See Johnson v. Mitchell*, Case No. 16-1137-D, Order (W.D. Okla. Feb. 3, 2017).  Since 2001, Plaintiff has been considered a "vexatious litigant' under the Texas Civil Practice and Remedies Code.  *See Johnson v. Sloan*, 320 S.W. 3d 388 (Tex. App. 2010).  More recently, Texas courts have imposed filing restrictions and other sanctions. *See Johnson v. Harrison*, 399 S.W. 3d 348 (Tex. App. 2013).

Apparently seeking to avoid these restrictions, Plaintiff resorted to filing this case in the District Court of Cleveland County, Oklahoma.  Until he sought to add the attorneys involved in this case, the action had no apparent connection to Oklahoma; his original filings seem to concern mail service at the correctional institution where he is confined in Texas.  *See* Comp. [Doc. No. 1-3].  In short, the Court can discern no basis for allowing Plaintiff to proceed further in this case, particularly on his current pleadings, and no basis for remand, recusal, or other relief sought by his motions.

IT IS THEREFORE ORDERED that the the Report and Recommendation [Doc. No. 19] is ADOPTED.  This action is DISMISSED pursuant to 28 U.S.C. § 1915A(b).  A separate judgment of dismissal without prejudice shall be entered.

IT IS SO ORDERED this 5th day of June, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge